NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMILLA R. HAMILTON f/k/a KIM HAMILTON, <br><br> Plaintiff, <br><br> v. <br><br> THUNDERBIRD COLLECTION SPECIALISTS, INC., <br><br> Defendant. | Case No. 5:19-cv-02326 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes CAMILLA R. HAMILTON f/k/a KIM HAMILTON ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of THUNDERBIRD COLLECTION SPECIALISTS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over the age of 18 residing in Riverside County, California, which is located within the Central District of California.

5. Defendant boasts that its "services include telephone pursuits, skiptracing, credit reporting, flexible letters, insurance billing and follow up and legal action." Defendant is a corporation organized under the laws of the State of Arizona with its principal place of business located at 3200 N. Hayden Road, Suite 110, Scottsdale, Arizona 85251. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a defaulted medical bill ("subject debt") that Plaintiff purportedly owes to Pavilion Surgery Center ("PSC").

8. On or around October 24, 2019, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

9. In its October 24th letter, Defendant sought to collect an amount due of $700.00 for the subject debt.

10. Moreover, in its October 24th letter, Defendant listed the subject debt's account number as 1559271-181.

11. Defendant's October 24th letter also failed to disclose that Defendant is a debt collector.

12. Thereafter, on or around November 11, 2019, Defendant mailed or caused to be mailed another collection letter in an attempt to collect upon the subject debt.

13. In its November 11th letter, Defendant used a different account number, 1559271-191, to identify the subject debt.

14. Defendant also failed to identify itself as a debt collector in its November 11th collection letter.

15. Given Defendant's failure to identify itself as a debt collector and the conflicting account numbers, Plaintiff became highly confused as to the legitimacy of the subject debt.

16. As a result of this confusion, Plaintiff telephonically contacted Defendant in order to obtain additional information related to the subject debt.

17. Upon speaking with Plaintiff, Defendant identified itself as "TCS" and refused to provide Plaintiff with its full entity name even after Plaintiff requested that Defendant identify its full name.

18. Moreover, Defendant failed to warn Plaintiff that any information it obtained from Plaintiff would be used for debt collection purposes.

19. Frustrated over Defendant's actions, Plaintiff spoke with Wajda regarding Defendant's conduct, resulting in pecuniary loss and expenditure of resources.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1990.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10);
>
> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11); and
>
> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

---

[1] https://www.acainternational.org/search#memberdirectory

4

28. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when it employed deceptive means to collect and/or attempt to collect upon the subject debt. Specifically, it was deceptive for Defendant to use two different account numbers, 1559271-181 and 1559271-191, to identify a single debt. Defendant created a sense of uncertainty as to the status of the subject debt by utilizing two different account numbers for the same debt.

29. Defendant also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its multiple failures to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from exercising her federal rights. Moreover, on at least one occasion and in violation of 15 U.S.C. § 1692e(11), Defendant did not state that any information it would obtain from Plaintiff would be used for debt collection purposes.

30. Defendant further violated 15 U.S.C. §§ 1692e, e(10), and e(14) by not disclosing its full name and refusing to provide its full entity name upon Plaintiff's request. Not disclosing its full name is a false and/or misleading act intended to confuse the Plaintiff as to the identity of the debt collector and designed by Defendant to shield itself from any potential retaliation by concealing its full legal name.

### b. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. It was unfair for Defendant to send collection letters structured in a way to confuse Plaintiff as to the extent of her alleged liability on the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

33. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

WHEREFORE, Plaintiff, CAMILLA R. HAMILTON f/k/a KIM HAMILTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

  e. Enjoining Defendant from further contacting Plaintiff; and

  f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

36. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.17**

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall

6

comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

40. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CAMILLA R. HAMILTON f/k/a KIM HAMILTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: December 4, 2019          Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230

7

|   |   |
|---|---|
| 1 | Telephone: (310) 997-0471 |
| 2 | Facsimile: (866) 286-8433 |
|   | Email: nick@wajdalawgroup.com |